UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-172-GWU

KENNETH O. CORNETT,                                                    PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

**INTRODUCTION**

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI).  The appeal is currently before the court on cross-motions

for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity?
     If yes, the claimant is not disabled.  If no, proceed to Step 2.
     See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical
     or mental impairment(s)? If yes, proceed to Step 3.  If no, the
     claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any
     impairment(s) significantly limiting the claimant's physical or
     mental ability to do basic work activities?  If yes, proceed to

08-172  Kenneth O. Cornett

Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

08-172  Kenneth O. Cornett

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

08-172  Kenneth O. Cornett

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

08-172  Kenneth O. Cornett

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

08-172  Kenneth O. Cornett

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Kenneth O. Cornett, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of being status post fixation of the left femur, and status post open reduction and internal fixation and mild muscle atrophy of the left leg. (Tr. 13). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Cornett retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 14-18). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether the plaintiff, a 29-year-old man with a post high school education and work experience as a security guard, could perform any jobs if he were limited to "sedentary" level work with the option of sitting or standing every 45 minutes, and also had the following non-exertional restrictions. (Tr. 52). He: (1) could not climb ladders, ropes,

7

08-172  Kenneth O. Cornett

scaffolds, ramps, or stairs; (2) could not balance, kneel, crouch, or crawl; (3) could not drive, use foot pedals, or do sustained walking; (4) could not be exposed to hazardous machinery; (5) could do no jobs requiring stereoscopic vision; and (6) would have a "limited but satisfactory" ability to maintain attention and concentration, deal with the public, and remember and carry out detailed instructions.  (Tr. 52).[1]  The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in an unspecified region as well as in the national economy.  (Id.).

On further questioning by counsel for the plaintiff, the VE stated that if the plaintiff could only stand and walk for one to two hours in an eight-hour day (only five to ten minutes without interruption and only wearing his ankle/foot brace) and could sit for only five hours (only one hour without interruption), the plaintiff would be unable to perform the sitting, standing, and walking required by sedentary work, and the restrictions would preclude all employment.  (Tr. 53).

The plaintiff asserts on appeal that the restrictions on standing, walking, and sitting given in the second hypothetical question were provided by a treating orthopedic source, Dr. Patrice Beliveau (Tr. 404-6), and that the ALJ failed to

---

[1]The hypothetical factors differ somewhat from the ALJ's ultimate residual functional capacity finding as set out in the hearing decision.  The decision does not include any limitation on balancing.  (Tr. 14).  The discrepancy was to the plaintiff's benefit, however.

8

08-172  Kenneth O. Cornett

provide good reasons for rejecting the treating source opinion as required by 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).   The Sixth Circuit held in <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541, 545 (6th Cir. 2004) that agencies are bound to follow their own regulations and a remand for further proceedings may be required for failure to do so even if the decision is otherwise supported by substantial evidence.   The purpose of this requirement is to make clear to any subsequent reviewers the weight given by the adjudicator to the treating source's medical opinions and the reasons for that weight, as well as to allow claimants to understand the ALJ's rationale for the disposition of his case.   <u>Id.</u> at 544 (citations omitted).

In the present case, the ALJ recited Dr. Beliveau's restrictions, and stated that they were consistent with the residual functional capacity he had determined and "given great weight."  (Tr. 16).  However, the VE's testimony indicates that the differences in standing and walking between the VE's functional capacity finding and Dr. Beliveau's opinion would result in an entirely different outcome.   The defendant, who does not contest the plaintiff's assertion that Dr. Beliveau was a treating source, argues on appeal that the ALJ's statement that he gave "great weight" to Dr. Beliveau's opinion met the requirements of <u>Wilson</u>, but clearly, stating that a source is being given great weight and then failing to adopt that source's restrictions provides no explanation of the ALJ's thought processes at all.   The

9

08-172  Kenneth O. Cornett

defendant's other argument appears to be that Dr. Beliveau's limitations are not truly inconsistent with sedentary work, which is contrary to the VE's testimony that an individual with these standing and walking limitations, along with the other restrictions in the original hypothetical question, would have no jobs available to him.[2]

The decision will be remanded for further consideration.

This the 11th day of February, 2009.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**

---

[2]An additional issue which may be of importance on remand was raised by the plaintiff.  The ALJ indicated that Mr. Cornett's Date Last Insured (DLI) was September 30, 2005 (Tr. 13) and noted that Dr. Beliveau's assessment, dated November 13, 2006, was well after the DLI (Tr. 16).  The plaintiff notes that his earning record shows a DLI of September 30, 2007, however.  (Tr. 114).